UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Terry Patterson,             Case No. 4:16-cv-0986

    Petitioner

v.             MEMORANDUM OPINION
            AND ORDER

United States,

    Respondent

**BACKGROUND AND HISTORY**

*Pro se* Petitioner Terry Patterson filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Patterson was charged in the United States District Court for the Southern District of Ohio on charges of engaging in activities with materials constituting of or containing child pornography. *See United States v. Patterson*, No. 2:12-cr-033 (S.D. Ohio June 5, 2012)(Economus, J.). He pled guilty to the charge and was sentenced on June 5, 2012 to 120 months incarceration. On January 11, 2013, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 in the Southern District of Ohio. The Court denied the Motion on May 13, 2013, indicating Petitioner did not show cause why he did not pursue his claim on direct appeal.

Petitioner has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He appears to assert he was denied equal protection because the government agents that set up sting operations use child pornography as bait and are not arrested and charged with trafficking in child

pornography. He acknowledges that claims such as this one which challenge the fact of a conviction or sentence must be raised in a § 2255 Motion to Vacate. He asserts that because he already filed a § 2255 Motion and he is barred from filing a successive petition, he should be permitted to seek relief under § 2241. He asks me to vacate his conviction and order his release from prison.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting §2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, a district court may dismiss a Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under §2243).

Moreover, Petitions under 28 U.S.C. § 2241 may only be used by a federal prisoner seeking to challenge the execution or manner in which his sentence is served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The remedy afforded under § 2241 is not an

additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Section 2255 contains a "safety valve" provision which permits a federal prisoner to challenge his conviction or the imposition of his sentence under § 2241, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). This is a very difficult standard to meet. The remedy under § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(per curiam). The § 2255 remedy does not become inadequate or ineffective just because § 2255 relief has already been denied, because the Petitioner is procedurally barred from pursuing relief under § 2255, or because the Petitioner has been denied permission to file a second or successive Motion to Vacate. *Id.*

In fact, to fit within any arguable construction of the savings clause, a Petitioner must show an intervening change in the law that establishes his actual innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). A valid assertion of actual innocence is more than a belated declaration that the Petitioner does not believe his conviction or sentence is valid. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462. "[A]ctual innocence means factual innocence, rather than mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, Petitioner must point to a change in the law that occurred after his conviction became final, which made the conduct for which he was convicted no longer a crime. *Bousely*, 523 U.S. at 620. *See, e.g., Bailey v. United States*, 516 U.S. 137 (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

3

Here, Petitioner is challenging the validity of his conviction.  He can only raise his claim in a § 2255 Motion to Vacate.  Although he contends he already filed a § 2255 Motion and now is barred from filing a second or successive Petition, this does not entitle him to seek relief under § 2241.  Furthermore, the savings clause does not apply in this case.  Petitioner does not attempt to assert that an intervening change in the law rendered his conduct no longer a crime.  Instead, he argues that federal agents engaging in sting operations using child pornography as bait should also be prosecuted.  Petitioner cannot proceed with this claim under § 2241.

## Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge